Mr. Justice NELSON
delivered the opinion of the court.
It will be seen from the facts in this case that the plaintiffs were in default on account of the non-payment of the interest for more than'a year, and.also that the principal fell due a few days after the filing of the bill in chancery in the State court, on account of this default in the payments. The contract .was a very stringent one. Time was,"in terms, made the essence of it, in respect to the payments;, and, further, in case of a default in any one payment, for thirty days, the agreement was to be null and void, and no longer binding, at the option of the vendor, and all payments that had been made were to be forfeited to him; and also in case of default in any of the payments it was agreed that the contract, at the election of the vendor, was to be at an end, and the purchasers deemed to be in possession as tenants at will, liable for a rent equal to the amount of interest of the purchase-money.
The decree in chancery in the State court is relied on as having rescinded the contract at the instance of the defendant, by reason of which the plaintiffs have become entitled to recover back the purchase-money paid, together with the value of the improvements. The position is, that there is no longer a subsisting contract, as an end has been put to it by the vendor, and he has in consequence resumed the possession, and claims to hold the estate the same as if no contract had ever existed, and that in such ease the purchaser, upon settled principles of law and equity, is at liberty to recover back the consideration paid and the value of the improvements. But the difficulty is, that the vendor has only availed himself of a provision of the contract, which entitled him to proceed in a court of chancery, by reason of the default of the purchaser in making his payments, to put an end to it and be restored to the possession. It is a proceeding in affirmance, not in rescission of it, by enforcing a remedy expressly reserved in it. Indeed, without such clause or *506 reservation, the remedy would' have been equally available to him. It is a right growing out of the default of the purchaser, as the law will not permit him both to withhold the purchase-money and keep possession and enjoy the rents and profits of the estate; nor will it subject the vendor to the return of the purchase-money if he is obliged to go into a court of equity to be restored to the'possession.
In case of a default in the payments there are several remedies open to the vendor. He may sue on the contract and recover judgment for the purchase-money, and take out execution against the property of the defendant, and among other property, the lands sold; or he may bring ejectment, and recover back the possession; but in that case, the purchaser, by going into a court of equity within a reasonable time and offering payment of the purchase-money, together with costs, is entitled to a performance of the contract; or the vendor riiay go in the first instance into a court of equity, as in the present case, and call on the purchaser to come forward and pay the money due, or be forever thereafter foreclosed from setting up any claim against the estate. In these contracts for the sale of real estate the vendor holds the legal title as a security for-the payment of the purchase-money, and in case of a persistent default, his better remedy, and under some circumstances his only safe remedy, is to institute proceedings in the proper court to foreclose the equity of the purchaser where partial payments or valuable improvements have been made. The court will usually give him a day, .if he desires it, to raise the money, longer or shorter, depending on the particular circumstances of the case, and to perform his part of the agreement.
This mode of selling real estate in the United States is a very common and favorite one, and the principles governing the contract, both in' law and -equity, are more fully and perfectly settled than in England or any other country. The books of reports are full of cases arising out of it, and ev-ery phase of the litigation repeatedly considered and adjudged. And no rule in respect to the contract is better settled than this: That the party who has advanced money, or done an *507 act in part-performance of the agreement, and then, stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done.*
The same doctrine has been repeatedly applied by the courts of Illinois, the State in which this case-arose.†
This principle would of itself have defeated the plaintiffs in this suit, independently of the decree foreclosing their equity in. the contract.
-It appears in the ease that the parties agreed upon the rate of ten per cent, interest for the forbearance of the. purchase-money unpaid, when, at the time, as is admitted, it was only six per’centum. But this law did not invalidate the contract. It authorized the party to recover of the party taking, usury threefold the amount above the legal rate, at any time within two years after the right of action accrued. This bill was filed the 23d August, 1862. The last payment of interest was made 31st January, 1860. More than two years, therefore, had elapsed before the suit was brought.
We should add, it is not admitted by the defendant that this arrangement, had the effect to make the contract usurious; and woulcl .not, according to the case of Beete v. Bidgood,‡ if the excess of interest stipulated for. was in- fact a part of the purchase-money.
After the default of the purchasers, and when they were disposed to surrender the contract, the vendor proposed to them, if they would abandon the idea, and pay up the’ taxes in arrears and interest that had accrued, he would indulge them, and to that end, and until a revival of business in Chicago, he would be satisfied with the net income from-the property over and above the taxes and .insurance; and it is *508 averred that they agreed to the propositions and paid the taxes and interest, but that the vendor declined to carry out the agreement and enforced the contract, though there had not been any considerable increase of income from the property or revival of trade and business in Chicago. This provisional arrangement is very loosely stated in the bill, but is, of course, admitted by the demurrer. It admits the .revival, of business, to some extent, before the enforcement of the contract.' There is great difficulty, however, in determining the extent of increase contemplated by the arrangement from the statement in the bill. it. was entered into in November, 1859, and this suit was not instituted till August, 1862, some two years and'nine months afterwards.
But the true answer to this part of the case is, that the arrangementwas not in writing, nor any consideration passing 'between the parties that could give validity to it. The promise by the purchasers was.but in affirmation of what they were bound to perform by their written agreement, and all that was. done was but in fulfilment of it.
"We have thus gone carefully over the case as presented, and considered every ground set up on the part of'the plaintiffs for the relief prayed for; but, with every disposition to temper the sternness of the law as applicable to them, we are compelled to say that, according to the settled principles both of law and equity, a case for relief has not been established.
The truth of the case is, that these plaintiffs improvi-dently entered into a purchase beyond their means, and, doubtless, relied very much upon the rise of the value of the estate, and of the income, to meet the payments and expenditures laid out upon it.. Their anticipations failed them-, and a heavy debt, was the consequence, beyond their ability 'to meet. Of the $93,000 purchase-money, they have paid only $10,000. Of interest, some $28,000. They expended for improvements $18,000. There still remained due against them $83,000 purchase-money and over $20,000 interest, at the time the vendor went into possession. The plaintiffs *509 themselves had been in the possession and enjoyment of the premises for a period exceeding that for which the interest on the purchase-money had been paid, which, at least, must be regarded as an equivalent for the money thus paid.
Decree affirmed.

 Green v. Green, 9 Cowen, 46; Ketchum v. Evertson, 13 Johnson, 364, Spencer, J.; Leonard v. Morgan, 6 Gray, 412; Haynes v. Hart, 42 Barbour, 58.

 Chrisman v. Miller, 21 Illinois, 236, and other cases referred to-in the argument.

 7 Barnwell & Cresswell, 453.